IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JENINE KRISTINA MACON,                                No. 3:20-cv-01660-HZ

            Plaintiff,                                OPINION & ORDER

     v.

PROUD GROUND ORGANIZATION,
YESIKA AREVALO, TYLER KOSKI,
RYAN PARKER, KATIE
ULLRICH, PEDRO CRUZ,

           Defendants.


Jenine Kristina Macon
2510 SW Scenic Drive
Portland, OR 97225

     Plaintiff Pro Se

David Arden Anderson
Schwabe, Williamson & Wyatt
1211 SW 5th Avenue, Suite1900
Portland, OR 97204


1 — OPINION & ORDER

Calliste J. Korach
Hart Wagner, LLP
1000 SW Broadway
Suite 2000
Portland, OR 97205

Jack R. Scholz
Gordon Rees Scully Mansukhani LLP
1300 SW 5th Ave Ste 2000
Portland, OR 97201

  Attorneys for Defendants

HERNÁNDEZ, District Judge:

  *Pro Se* Plaintiff Jenine Kristina Macon brings this discrimination and retaliation action against Defendants Proud Ground Organization, Yesika Arevalo, Tyler Koski, Ryan Parker, Katie Ullrich (Proud Ground Individual Defendants), and Pedro Cruz. Plaintiff bring claims under the Federal and Oregon Fair Housing Acts.  Plaintiff moves for an Order of Default pursuant to Federal Rule of Civil Procedure 55(a) and an Order of Default Judgment. Pl. Mot. Entry Default, ECF 13,17. Defendant Proud Ground, the Proud Ground Individual Defendants, and Defendant Cruz move to dismiss Plaintiff's Complaint for failure to state a claim. Def. Mot. to Dismiss, ECF 16, 20. Defendant Cruz moves to dismiss her complaint for lack of proper service. *Id.* The Court denies Plaintiff's Motions and grants the Proud Ground Individual Defendants and Defendant Cruz's Motions to Dismiss.

BACKGROUND

  Plaintiff was referred to Proud Ground's "First Time Home Ownership process" by the African American Housing Alliance. Compl. at 1, ECF 1. "Proud Ground is an organization that aims to provide permanently affordable homeownership opportunities to families with low incomes." Proud Ground Mot. to Dismiss. In November 2019, Plaintiff applied for financial

2 — OPINION & ORDER

assistance through Proud Ground to purchase a home. Compl. at 1–2. On February 4, 2020, she

received a $77, 000 "Beaverton grant" from Proud Ground. *Id.*

Proud Ground then helped Plaintiff find a real estate agent. *Id.* Plaintiff alleges that the

first real estate agent she contacted, Defendant Tyler Koski, was slow to respond to her request.

*Id* at 1–2. Defendant Koski turned down Plaintiff's request to represent her because he was "too

busy." *Id.* at 2. Plaintiff alleges that when she went to the Proud Ground office, Defendant Koski

was there too and gave her a "funny look." *Id.*

Next, Plaintiff asked Defendant Cruz to be her real estate agent. *Id.* He agreed to

represent her but ultimately Plaintiff was dissatisfied with his services. *Id.* She alleges that he

sent her "very limited house listings," spelled her name wrong, "was not encouraging," and was

not able to get an offer accepted. *Id.* This caused Plaintiff worry and stress. Am. Compl. at 2,

ECF 24.[1]

Plaintiff then contacted a third real estate agent, Wesley Johnson. *Id.* Mr. Johnson is the

same race as Plaintiff and her son. *Id.* Plaintiff alleges that Proud Ground "was not happy" that

she terminated her relationship with Defendant Cruz. *Id.* 2–3.

In March 2020, Plaintiff requested an extension of her "Beaverton grant" due to the

COVID-19 pandemic and the issues she allegedly experienced with Defendant Cruz. *Id.* at 3.

Proud Ground granted the extension. *Id.*

In April 2020, Proud Ground notified Plaintiff that a house (herein SW Vance House)

would be coming up for sale that might meet her requirements. *Id.* Plaintiff alleges that

Defendant Katie Ullrich, a Proud Ground employee, told Plaintiff she would email her when the

---

[1] Plaintiff filed a document titled "Motion to Amend Response in Opposition to Defendant's
Motion to Dismiss Default Judgment" on May 18, 2021. *See* ECF 24. The Court reviewed this
document and construes it as an Amended Complaint, as Plaintiff refines and restates her
allegations contained in her Complaint filed on September 23, 2020.

3 — OPINION & ORDER

SW Vance House was available. *Id.* Plaintiff alleges that Defendant Ullrich did not follow-through on this promise. *Id.*

Plaintiff found the SW Vance House on her own and applied to purchase the home. Am. Compl. at 2. According to Plaintiff, Defendant Ullrich told Plaintiff that she was the first qualified applicant on the list to purchase the SW Vance House. *Id.* In violation of Proud Ground's rules, Plaintiff alleges that the SW Vance House was sold to a different buyer who was not fully qualified to purchase the property. *Id.* She alleges that Proud Ground lowered the price to prevent her from purchasing the SW Vance House. *Id.* at 4. Plaintiff alleges that she did not get to purchase the SW Vance House because "everyone" at Proud Ground discriminated against her because of her race and disability. *Id.* at 5. She also alleges that Proud Ground retaliated against her. *Id*

After applying for the SW Vance House, Plaintiff applied for and was approved for another "Beaverton Grant" for $87,000. *Id.* at 5. Plaintiff alleges that Defendant Ullrich did not let Plaintiff know about these funds in advance as she said she would. *Id.*

Plaintiff asserts claims for discrimination based on disability, race, and family status under the Fair Housing Act and Oregon's Fair Housing Act and for retaliation under the Fair Housing Act. Plaintiff moves for an order of default pursuant to Federal Rule of Civil Procedure 55(a) and an order of default judgment. Proud Ground and the Proud Ground Individual Defendants move to dismiss Plaintiff's Complaint for failure to state a claim. Defendant Cruz moves to dismiss her complaint for lack of proper service and for failure to state a claim.

I.     Motion for Entry of Default and Default Judgment

Plaintiff moves for an order of default and order of default judgment. She contends that she properly served Defendants in October 2020 by certified mail.

Rule 55(a) requires the entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Although Rule 55(a) uses mandatory language, the Court's responsibility to enter a default order does not arise unless the party against whom the default order is sought has been properly served with process. *See* Beverly O'Connell, Karen Stevenson, & Virginia Phillips, *Fed. Civil Proc. Before Trial* ¶ 6:36, 6-8 (The Rutter Group 2018) ("Ordinarily, entry of default is not automatic. Plaintiff must present proof to the court clerk (by affidavit or declaration) that the defendant is 'in default' - i.e., that defendant has been served with summons and complaint . . . and has failed to respond within the time permitted by the Federal Rules."); *Cascade Pension Tr. v. Bates Indus., Inc*., No. 6:16-cv-01068-AA, 2017 WL 1172104, at *1 (D. Or. Mar. 28, 2017) (granting Rule 55(a) motion for entry of default after determining that service was proper and the defendant never appeared). "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.).

Under the Federal Rules of Civil Procedure, a plaintiff may complete service on individual defendants by personal service on the individual, service to the defendant's home, or service upon the individual's service agent. Fed. R. Civ. P. 4(e)(2). A plaintiff may also follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* 4(e)(1).

Oregon Rule of Civil Procedure (ORCP) 7 governs service on an individual. True copies of the summons and complaint may be delivered: (a) by personal service; (b) by substituted service at the defendant's dwelling or usual place of abode to a person 14 or older who resides

there; or (c) by office service at the defendant's office during normal working hours to the person

who is apparently in charge. ORCP 7 D(3)(a)(i); *see also* ORCP 7 D(2)(a)–(c) (generally

describing the permissible methods of service). So long as the individual is not a minor or an

incapacitated person, an individual defendant may be served by mailing the defendant true copies

of the complaint and summons via first class mail and by certified, registered, or express mail.

ORCP 7 D(2)(d); ORCP 7 D(3)(a)(i). Service by mail requires that "the defendant or other

person authorized to receive service signs a receipt for the certified, registered, or express

mailing." ORCP 7(D)(3)(a)(i). In addition, service on an individual is allowed "in any manner

reasonably calculated, under all the circumstances, to apprise the defendant of the existence and

pendency of the action and to afford reasonable opportunity to appear and defend." ORCP 7

D(1).

       Here, Plaintiff alleges that she properly served Defendants on or about October 22, 2020

by certified mail. Pl. Mot. Entry Default at 2. Plaintiff provides no evidence that any of the

Defendants signed a receipt for the October 22, 2020 mailing. Her Affidavit of Service does not

include a return receipt signed by any of the Defendants. Affidavit of Service, ECF 12. Proud

Ground and the Proud Ground Individual Defendants deny receiving or signing for a first class

mailing of the summons or complaint. Decl. of Ryan Parker ¶ 3, ECF 15. Without proof of

receipt and signature, Plaintiff's first attempt at service was ineffective.[2] Accordingly, Plaintiff's

Motion for Entry of Default and Motion for Default Judgment are denied.

II.      Motion to Dismiss for Improper Service

       Defendant Cruz moves to dismiss Plaintiff's complaint for lack of proper service.

Defendant Cruz was not served by any of the presumptively adequate service methods outlined

---

[2] A county sheriff eventually served Proud Ground and the Proud Ground Individual Defendants at the Proud Ground office. Decl. of Ryan Parker ¶ 3.

in Fed. R. Civ. P. 4 and ORCP 7 and described above. The question then is whether the manner

of service employed by the plaintiff satisfies the "reasonable notice" standard of adequate service

set forth in ORCP 7D(1). *Baker v. Foy*, 310 Or. 221, 228 (1990).

A. Reasonable Notice

ORCP 7 D(1) permits service "in any manner reasonably calculated under all the

circumstances, to apprise the defendant of the existence and pendency of the action and to afford

a reasonable opportunity to appear and defend." "Rather than requiring a particular manner of

service to satisfy the standard of adequate service, the rule [ORCP 7] endorses the process of

examining the totality of the circumstances, to determine if the service of summons was

reasonably calculated to provide defendant with notice of the action and reasonable opportunity

to appear and defend." *Baker*, 310 Or. at 225 (citation omitted). The Oregon Court of Appeals

has held that "service on a third person may be adequate under ORCP 7 D(1) if the process

server has reason to believe that the person with whom the summons and complaint have been

left has regular, frequent and predictable contact with the defendant." *Hoeck*, 149 Or. App. at

617.

For example, in *Matter of Marriage of Boyd* the court found that service on a father's

bookkeeper satisfied the reasonable notice requirement even though it did not satisfy the

requirements for office service under ORCP 7(D)(2)(c). 131 Or. App. 194, 199–200 (1994). The

court concluded that the father maintained "regular, frequent and predictable contacts with the

bookkeeper" because he retained the bookkeeper to, among other things, pay his bills, receive his

mail, reconcile his check book, and make his child support payments. *Id.*

Similarly, in *Duber v. Zeitler* the court held that service was adequate when left with the

defendant's wife. 118 Or. App. 597, 601, *rev. den.* 316 Or. 527 (1993). In *Duber*, the defendant's

wife told the process server that he came by her house once a week to pick up his mail and visit his children and that she expected to see him in the "very near future." *Id.* at 599.

On December 23, 2020 a county sheriff went to the Proud Ground office with a "Summons in a Civil Action" addressed to Proud Ground and Yesika Arevalo, Tyler Koski, Ryan Parker and Katie Ullrich. Decl. of Ryan Parker ¶ 3; Def. Cruz Mot. to Dismiss at 4, ECF 20. Defendant Cruz argues that this was not proper service because he is not employed by Proud Ground, does not work at the Proud Ground office, and no one at Proud Ground is his authorized agent for service of process. Def. Cruz Mot. to Dismiss at 4. Plaintiff does not respond to Defendant Cruz's arguments. Pl. Resp., ECF 25.

The Court finds that service at Proud Ground's office was not reasonably calculated to apprise Defendant Cruz of the pendency of the action against him. Although Defendant Cruz has a public connection to Proud Ground, there is no evidence that the process server had any assurance that Defendant Cruz maintained "regular, frequent, and predictable" contacts with the non-profit organization. Unlike the bookkeeper in *Boyd*—who the defendant retained to essentially run his personal business— the evidence in this case does not show that Proud Ground administers Defendant Cruz's business or even receives mail on his behalf. The circumstances here are also distinguishable from *Duber* where the wife made an express representation to the process server that she would see the defendant in the near future and give him the summons. The record does not establish that anyone at Proud Ground made an express representation to the process server about if, when, or how frequently Defendant Cruz visits the Proud Ground office. As a result, the process server lacked actual knowledge as to when the person receiving service might see Defendant Cruz and had no reason to believe service at the

office would be sufficient to apprise him of the existence and pendency of the action. Based on the evidence in the record, the Court finds that service was ineffective.

B. Whether to Dismiss or Quash Service

If service is ineffective, "[t]he choice between dismissal and quashing service of process is in the district court's discretion." *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Service will ordinarily be quashed and the action preserved where 'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.'" *Bravo v. Cty of San Diego*, No. C 12–06460 JSP, 2014 WL 555195, at * 1 (N.D. Cal. Feb. 10, 2014) (citing 5C Wright & Miller, Federal Practice and Procedure § 1354 (1969). Because there is a reasonable prospect that Plaintiff will be able to serve Defendant Cruz properly, the Court elects to quash service rather than dismiss the action.

"When quashing process, courts have the discretion to order conditions, including time constraints, within which the plaintiff may make a second attempt at service." 5B Wright & Miller, Federal Practice and Procedure § 1354 (1969)). The district court must grant an extension of time for service outside of the 90–day period provided for in Fed. R. Civ. P. 4(m) if "good cause" is shown and may "grant an extension even absent good cause." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003); Fed. R. Civ. P. 4(m).

The Court finds that Plaintiff has not demonstrated good cause, but because she is proceeding *pro se*, the Court will grant her an extension of time for service. Plaintiff shall have an additional 21 days after filing her amended complaint to complete service on Defendant Cruz.

III.      Motions to Dismiss for Failure to State a Claim

Proud Ground, the Proud Ground Individual Defendants, and Defendant Cruz move to dismiss Plaintiff's complaint for failure to state a claim.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the

sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in

the complaint as true and construe them in the light most favorable to the non-moving party.

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under

Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief"

with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote

omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-

pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

at 679.

Courts must liberally construe *pro se* pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362

(9th Cir. 2004). Additionally, a court cannot dismiss a *pro se* complaint without first explaining

to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik*

*v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a *pro se* complaint without leave

to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by

amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

A.      Fair Housing Acts – Discrimination

The Federal and Oregon Fair Housing Acts prohibit discrimination in the sale, rental, or

financing of any dwelling because of race, disability or family status. 42 U.S.C. § 3604(f)(1);

O.R.S. 659A.145, 659A.421(2)(c).[3] To state a claim for disparate treatment under the Fair

Housing Act (FHA), a complaint must allege: (1) the plaintiff's rights are protected under the

FHA; and (2) defendants have engaged in discriminatory conduct by which plaintiffs have

suffered a distinct and palpable injury. *See Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th

Cir. 1997) (applying Title VII discrimination analysis to the FHA). "Disparate treatment requires

some showing of discriminatory intent on the part of the defendants." *McDonald v. Coldwell

Banker*, 543 F.3d 498, 505 n.7 (9th Cir. 2008).

Plaintiff fails to state a claim for discrimination under the FHA and Oregon's Fair

Housing Act because she does not allege facts establishing discriminatory intent. She does not

allege any facts that create a causal relationship between Defendants' conduct and Plaintiff's

family status, race, or disability. Circumstantial evidence can support a finding of discriminatory

intent, but the allegations in Plaintiff's Complaint and Amended Complaint do not support such a

finding. Plaintiff alleges that Defendant Ullrich did not send emails to Plaintiff when she said she

would and that Defendant Cruz failed to provide her quality real estate agent services. She also

alleges that Proud Ground sold the SW Vance House to another buyer even though Defendant

Ullrich told Plaintiff that was the first qualified applicant. The facts in complaint must allow "the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[3] "Oregon's fair housing statute is substantially similar to the federal law, and the two are
interpreted identically." *Hernandez v. Golf Course Ests. Home Owners Ass'n*, 454 F. Supp. 3d
1029, 1035 (D. Or. 2020) (citing *Fishing Rock Owner's Ass'n v. Roberts*, 6 F. Supp. 3d 1132,
1138 n. 1 (D. Or. 2014)).

*Iqbal*, 556 U.S. at 678. Accepting all of Plaintiff's factual allegations in the Complaint as true and construing her pleadings in the light most favorable to her, the allegations in Plaintiff's Complaint do not support the inference that Defendants discriminated against her on account of her race, disability, or family status. Thus, Plaintiff fails to state a claim for discrimination under the FHA and Oregon's Fair Housing Act. The Court grants Defendants' motions to dismiss plaintiff's FHA and Oregon Fair Housing Act claims for discrimination.

        B.        Fair Housing Act – Retaliation

        Under the FHA, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his [or her] having exercised and enjoyed ... any right granted or protected by [the Act]." 42 U.S.C. § 3617. "To state a claim for retaliation under the FHA, the complaint must allege: (1) the plaintiff engaged in a 'protected activity'; and (2) the activity was causally related to defendant's interference with plaintiff, resulting in damages to plaintiff." *Gilbert v. Martinson*, No. 3:20-CV-05262-BHS, 2020 WL 4816194, at *2 (W.D. Wash. Aug. 19, 2020) (citing 42 U.S.C. § 3617; *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998)).

        Plaintiff fails to state a claim for retaliation under the FHA because she has not alleged that she engaged in a "protected activity." "Protected activity" covers many types of actions but must relate to a plaintiff exercising her rights "granted or protected" by the FHA. 42 U.S.C. § 3617. Examples of "protected activity" include advocating for fair housing rights, reporting discrimination to a public body, requesting a reasonable accommodation for a disability, [4] or

---

[4] In her Amended Complaint Plaintiff states "I received no accommodation for my disability during the pandemic for my house search." Am. Compl. at 2. Plaintiff does not allege that she requested an accommodation for her disability from Proud Ground or from Defendant Cruz. Plaintiff also does not describe her disability or specify how her disability formed the basis of Defendants' alleged discrimination or retaliation.

12 — OPINION & ORDER

filing a complaint with a landlord or housing organization. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001); *Lopez v. Lassen Jackson Cmty. Partners*, No. 2:17-CV-1451-KJM-DMC, 2019 WL 528435, at *5 (E.D. Cal. Feb. 11, 2019), *report and recommendation adopted*, No. 2:17-CV-1451-KJM-DMC, 2019 WL 1864098 (E.D. Cal. Apr. 25, 2019); *Bezi v. Camacho*, No. CV SA11-0677-MMM DTB, 2014 WL 2215911, at *8 (C.D. Cal. May 23, 2014); *Green v. Mercy Hous.*, Inc., No. C 18-04888 WHA, 2018 WL 6704185, at *5 (N.D. Cal. Dec. 20, 2018). Plaintiff alleges that Proud Ground retaliated against her because of her decision to stop using Defendant Cruz as her real estate agent. Compl. at 4. This is not a protected activity under the FHA. As a result, Plaintiff has failed to state a claim for retaliation. The Court grants Defendants' motion to dismiss Plaintiff's FHA claim for retaliation

//

//

//

//

//

//

//

//

//

//

//

//

13 — OPINION & ORDER

## CONCLUSION

Plaintiff's Motion for Entry of Default [13] and Motion for Default Judgment [17] are

DENIED. Defendant Proud Ground's Motion to Dismiss for Failure to State a Claim [16] and

Defendant Pedro Cruz's Motion to Dismiss [20] are GRANTED with leave to amend. Plaintiff

may file an amended complaint within 21 days of the date of this order and shall have an

additional 21 days after filing her amended complaint to complete service on Defendant Cruz.

No further extensions of time will be granted. Plaintiff is warned that failure to comply with this

order will result in dismissal of this action.

IT IS SO ORDERED.


DATED:_____July 30, 2021_____.


_____
MARCO A. HERNÁNDEZ
United States District Judge